UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
_____

| | |
|---|---|
| AP PRODUCTS, INC., a Michigan corporation, ) ) ) Plaintiff/Counterclaim Defendant, ) ) vs. ) ) RONALD L. CHESNUT, an ) individual, ) ) Defendant/Counterclaimant, ) | Case No.: 1:13-cv-555<br><br>Hon. Janet T. Neff |

Prepared by:
BIRINGER, HUTCHINSON, LILLIS,
BAPPERT & ANGELL, P.C.
Attorneys for Plaintiff/Counterclaim Defendant
By: Charles R. Bappert (P41647)
Century Bank and Trust Building
100 West Chicago Street
Coldwater, MI 49036-l897
Phone: (517) 279-9745
Facsimile: 517-278-7844  ksb c\17992.54

# ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COUNTERCOMPLAINT

Now comes AP Products, Inc., Counterclaim Defendant, by counsel, who for answer and affirmative defenses to verified countercomplaint states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this counterclaim under 28 U.S.C. § 1332 by virtue of the fact that there is complete diversity between Counterclaimant and Counterclaim Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs as more fully set out hereinafter. This Court also has original

1

jurisdiction of any civil action relating to patents under 28 USC § 1338(a) as well as jurisdiction over this counterclaim under 28 U.S.C. § 2201.

**RESPONSE:  Answering paragraph 1 thereof, Counterclaim Defendant admits.**

2. Counterclaimant is a resident of the State of California.

**RESPONSE: Answering paragraph 2 thereof, Counterclaim Defendant admits.**

3. Counterclaim Defendant is a Michigan corporation with its principal place of business in Coldwater, Michigan.

**RESPONSE:  Answering paragraph 3 thereof, Counterclaim Defendant admits.**

4. The amount of royalty fees supposed to paid and/or to be paid by Counterclaim Defendants to Counterclaimant over the life of the Licensing Agreement exceeds $75,000 exclusive of interest and costs. Further, the amount of damages claimed by Counterclaimant for breach of the License Agreement exceeds $75,000 exclusive of interest and costs.

**RESPONSE: Answering paragraph 4 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the amount of damages claimed by counterclaimant. Counterclaim Defendant admits the remaining allegations.**

5. Under 28 U.S.C. § 1391, venue is proper in the United States District Court Western District of Michigan because Counterclaim Defendant principal office is in this district and a substantial part of the events or omissions giving rise to the counterclaim occurred in this district.

**RESPONSE: Answering paragraph 5 thereof, Counterclaim Defendant admits.**

## FACTS

6. Counterclaimant incorporates by reference in this Counterclaim all facts set out in its Answer as though fully set out herein.

**RESPONSE: Answering paragraph 6 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

7. On or about April 5, 2006, Counterclaimant and Counterclaim Defendant executed a License Agreement which, among other things, allowed Counterclaim Defendant the exclusive right and license to manufacture, have manufactured, use and sell the patented unit owned by Counterclaimant, required Counterclaim Defendant to pay royalties for the sale of each licensed unit, required Counterclaim Defendant to exercise reasonable diligence and its best efforts in exploiting the licensed patent, required Counterclaim Defendant to prosecute infringement of the licensed patent, and required Counterclaim Defendant to expend reasonable efforts within sound business judgment in the promotion of the product. **Exhibit 1.**

**RESPONSE: Answering paragraph 7 thereof, Counterclaim Defendant admits.**

## COUNT I ~ DECLARATORY JUDGMENT

8. Counterclaimant incorporates by reference paragraphs 1 through 7 of this Counterclaim as though fully set out herein.

**RESPONSE: Answering paragraph 8 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

9. Counterclaimant and Counterclaim Defendant indicated their intent to

enter into a valid, enforceable License Agreement by affixing their respective, authorized signatures thereto and delivering the same to the parties to the agreement.

**RESPONSE: Answering paragraph 9 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

10. Counterclaimant performed all his obligations under the terms of the License Agreement.

**RESPONSE:  Answering paragraph 10 thereof, Counterclaim Defendant denies**.

### RELIEF REQUESTED

Counterclaim Defendant prays that the Court enter a declaratory judgment finding that the license agreement between the parties dated April 5, 2006 is valid and enforceable but prays that the Court deny all affirmative relief to Counterclaimant.

### COUNT II ~ DECLARATORY JUDGMENT

11. Counterclaimant incorporates by reference paragraphs 1 through 10 of this Counterclaim as though fully set out herein.

**RESPONSE: Answering paragraph 11 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

12. Subsequent to the execution of the License Agreement by all parties, Counterclaim Defendants began selling the licensed units, but failed to perform its other contractual obligations of exploiting the patent, paying royalties, prosecuting infringement, and promoting the product, in violation of the provisions of the License Agreement.

**RESPONSE: Answering paragraph 12 thereof, Counterclaim Defendant denies all claims of contract breach.**

13. Subsequently, Counterclaimant notified Counterclaim Defendants of its breach or breaches of the License Agreement on July 1, 2011 (non-exclusive) and terminated the licensing agreement on April 15, 2013 for non-payment of royalties and failure to protect the patent and properly market it. **Exhibit 2**.

**RESPONSE: Answering paragraph 13 thereof, Counterclaim Defendant denies all claims of contract breach. Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

14. Counterclaim Defendants gave notice on February 11, 2013, that it would no longer pay the minimum royalties under the agreement and was going to withhold pending royalty payments. **Exhibit 3**.

**RESPONSE: Answering paragraph 14 thereof, Counterclaim Defendant admits. Counterclaim Defendant affirmatively states the letter of February 11, 2013 was given in response to breaches of the agreement and tortious conduct by Counterclaimant.**

15. Counterclaim Defendants failed to cure their breach of the License Agreement within ninety (90) days of its receipt of notice of the breach.

**RESPONSE: Answering paragraph 15 thereof, Counterclaim Defendant denies all claims of contract breaches.**

## RELIEF REQUESTED

WHEREFORE, Counterclaimant Defendant prays for a declaratory judgment baring any affirmative relief given to Counterclaimant.

## COUNT III ~ BREACH OF CONTRACT

16. Counterclaimant incorporates by reference paragraphs 1 through 15 of this Counterclaim as though fully set out herein.

**RESPONSE: Answering paragraph 16 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

17. Counterclaim Defendants breached the License Agreement by failing to:

    (a) Pay royalties for the sale of each licensed unit sold (paragraph 3.3)

    (b) Pay minimum royalties (paragraph 3.3);

    (c) Exercise reasonable diligence and its best efforts in exploiting the licensed patent (paragraph 2.3);

    (d) Prosecute infringement of the licensed patent (paragraph 6.3);

    (e) Expend reasonable efforts within sound business judgment in the promotion of the product (paragraph 6.6)

**RESPONSE: Answering paragraph 17 thereof, Counterclaim Defendant denies all claims of contract breach.**

18. As a direct result of Counterclaim Defendants' breach of the License Agreement, Counterclaimant incurred and will continue to incur damages in the form of lost royalty payments as well as the cost of developing, marketing, promoting and re-branding the upgrade as a result of Counterclaim Defendant's failure to properly maintain and service the product to keep it technologically relevant to maintain the quality of the product and market share in the industry, as well as attorneys' fees in its defense of the Complaint in this case and in its prosecution of this Counterclaim.

**RESPONSE: Answering paragraph 18 thereof, Counterclaim Defendant denies all claims of contract breach. Counterclaim Defendant denies all claims of damages alleged by Counterclaimant.**

### RELIEF REQUESTED

WHEREFORE, Counterclaim Defendant prays for a judgment barring any affirmative relief given to Counterclaimant.

### COUNT IV~ STATUTORY CONVERSION MCL 600.2919(a)

19. Counterclaimant incorporates by reference paragraphs 1 through 18 of this Counterclaim as though fully set out herein.

**RESPONSE: Answering paragraph 19 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

20. Counterclaim Defendant has unlawfully exercised possession and dominion over property of Counterclaimant.

**RESPONSE: Answering paragraph 20 thereof, Counterclaim Defendant denies.**

21. Counterclaim Defendant knowingly, willfully and intentionally converted this property to its own unauthorized use.

**RESPONSE: Answering paragraph 21 thereof, Counterclaim Defendant denies.**

23. Pursuant to MCL 600.2919(a), Counterclaimant is entitled to treble damages, plus the recovery of its costs and attorney fees as a result of Counterclaim Defendant's conversion.

**RESPONSE: Answering paragraph 23 thereof, Counterclaim Defendant denies.**

24. As a result of Counterclaim Defendants' conversion of Counterclaimant's property, counterclaimant has been irreparably harmed and injured in an amount yet to be determined.

**RESPONSE: Answering paragraph 24 thereof, Counterclaim Defendant denies.**

### RELIEF REQUESTED

WHEREFORE, Counterclaim Defendant prays for a judgment barring any affirmative relief given to Counterclaimant.

### COUNT V ~ COMMON LAW CONVERSION

25. Plaintiff repeats and restates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

**RESPONSE: Answering paragraph 25 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

26. As explained above, Counterclaim Defendant has unlawfully exercised possession and dominion over property of Counterclaimant.

**RESPONSE: Answering paragraph 26 thereof, Counterclaim Defendant denies.**

27. As explained above, Counterclaim Defendant has knowingly, willfully and intentionally converted this property to its own unauthorized use.

**RESPONSE: Answering paragraph 27 thereof, Counterclaim Defendant denies.**

28. As a result of Counterclaim Defendant's conversion of Claimant's property, Counterclaimant has been irreparably harmed and injured in an amount yet to be determined.

**RESPONSE: Answering paragraph 28 thereof, Counterclaim Defendant denies.**

### RELIEF REQUESTED

WHEREFORE, Counterclaim Defendant prays for a judgment barring any affirmative relief given to Counterclaimant.

### COUNT VI ~ FRAUDULENT AND/OR INNOCENT MISREPRESENTATION

29. Counterclaimant incorporates by reference paragraphs 1 through 28 of this Counterclaim as though fully set out herein.

**RESPONSE: Answering paragraph 29 thereof, Counterclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

30. In order to induce Counterclaimant to enter into the License Agreement and continue the License Agreement, Counterclaim Defendant, through its agents, made representations of material fact, either intentionally or negligently, to Counterclaimant.

**RESPONSE: Answering paragraph 30 thereof, Counterclaim Defendant denies.**

31. Counterclaim Defendant, through its representatives, represented to Counterclaimant that the Patent would continue to be serviced from a technological standpoint, wherein Counterclaim Defendant would continue to utilize Counterclaimant's skills pursuant to a consulting agreement.

**RESPONSE: Answering paragraph 31 thereof, Counterclaim Defendant denies all claim of misrepresentation or legally enforceable promise.**

32. The representations were false when made, in that Counterclaim Defendant did not intend to abide by its promise in that regard. Counterclaim Defendant only intended to use Counterclaimant's services for one year.

**RESPONSE: Answering paragraph 32 thereof, Counterclaim Defendant denies all claim of misrepresentation.**

33. The aforesaid representations were known by Counterclaim Defendant to be false or made with a reckless disregard for their truth or falsity. Counterclaim Defendant made said representations to induce Counterclaimant to enter into and continue the License Agreement, Consulting Agreement and other agreements which Counterclaim Defendant seeks to enforce in the Complaint.

**RESPONSE: Answering paragraph 33 thereof, Counterclaim Defendant denies all claim of misrepresentation.**

34. Counterclaimant in reliance on the aforesaid representations executed the License Agreement and other agreements and maintained such agreements.

**RESPONSE: Answering paragraph 34 thereof, Counterclaim Defendant lacks knowledge or information as to the truth of any allegation of Counterclaimant's reliance. Counterclaim Defendant denies all allegations of misrepresentation.**

35. As a result of the aforementioned, Counterclaimant was damaged.

**RESPONSE: Answering paragraph 35 thereof, Counterclaim Defendant prays for a judgment barring any affirmative relief given to Counterclaimant.**

## RELIEF REQUESTED

WHEREFORE, Counterclaim Defendant prays for a judgment barring any affirmative relief given to Counterclaimant.

RESPECTFULLY SUBMITTED,
BIRINGER, HUTCHINSON, LILLIS,
BAPPERT & ANGELL, P.C.
Attorneys for Plaintiff/Counterclaim Defendant

Dated: September 10, 2013     By: s\Charles R. Bappert
_____
Charles R. Bappert

## AFFIRMATIVE DEFENSES

Now comes Counterclaim Defendant and states as affirmative defenses which it may rely upon at time of trial as follows:

1. Counterclaimant's claims are barred pursuant to equitable principles of release, estoppel, laches, waiver, unjust enrichment and the concept of "unclean hands".

2. Counterclaimant's claim of damages are caused in whole or in part by the actions of Counterclaimant himself, therefore Counterclaimant's claims are barred or limited pursuant to principles of comparative negligence.

3. Some or all of Counterclaimant's claims against Counterclaim Defendant are or may be frivolous within the meaning of Fed. R. Civ. P. 11(b) and (c); MCR 2.114(E) & (F); MCL 600.2591 and MCL 600.2949(2).

4. Counterclaim Defendant acted legally and in good faith at all relevant time periods.

5. Counterclaimant's actions herein resulted in the first material breach of the contract; therefore as the first material breach of the contract occurred by Counterclaimant, Counterclaimant's claim of damages is barred as a matter of law.

6. Counterclaimant has failed to perform pursuant to the terms of this agreement and therefore pursuant to their failure, Counterclaimant is barred from suing on a contract for which they themselves have breached.

7. Counterclaimant's claims are barred because of misrepresentations made by Counterclaimant.

8. Counterclaimant's claims must fail under the Doctrine of Substantial Performance.

9. Counterclaim Defendant's required performance was discharged by agreement, by excuse or by operation of law.

10. Counterclaim Defendant reserves the right to add such additional affirmative defenses as may be developed during the course of discovery and/or trial.

Respectfully submitted,

BIRINGER, HUTCHINSON, LILLIS, BAPPERT & ANGELL, P.C.
Attorneys for Plaintiff/Counterclaim Defendant

Dated: September 10, 2013        By: s\Charles R. Bappert
_____
Charles R. Bappert